United States District Court
Southern District of Texas
ENTERED

SEP - 1 2000

38 Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DARRELL WAYNE JOHNSON §
§
V. § C.A. NO. C-00-111
§
N. JACKSON, ET AL. §

## ORDER OF DISMISSAL

Proceeding *pro se*, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 alleging constitutional violations by prison officials and employees of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). Plaintiff brings suit against N. Jackson, Ms. Jackson (first name unknown), and Captain Glover (first name unknown). By order of reference entered March 29, 2000 (D.E. 6), this matter was referred to the undersigned for all purposes, including entry of final judgment.[1] 28 U.S.C. § 636(c)(3).

An evidentiary hearing was held on August 16, 2000. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). For the reasons discussed herein, plaintiff's claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

---

[1]Thus, the instruction given plaintiff at the Spears hearing that he could file objections to a forthcoming memorandum and recommendation within ten days was erroneous. Instead, plaintiff may appeal this order of dismissal directly to the Fifth Circuit by filing a notice of appeal with the district clerk within 30 days of the entry of this order. Fed. R. App. P. 4(a)(1)(A).

## I. BACKGROUND

Plaintiff claims that defendants N. Jackson and Glover, acting together with Captain Price (who was not named as a defendant but was mentioned during the <u>Spears</u> hearing), have formed a conspiracy to kill plaintiff in order to prevent him from pursuing the claims presented in the instant case and to thwart his release from Administrative Segregation ("AdSeg")(D.E. 1 at 4). Plaintiff claims that Capt. Glover planned to kill him, but his sister intervened and he was not harmed. He alleges that defendants Glover and N. Jackson falsified administrative paperwork concerning his release from AdSeg. Plaintiff claims that on three occasions officials refused to move him into general population even though he received paperwork indicating he was to be released from AdSeg; he attributes these repeated decisions to the machinations of defendants N. Jackson and Glover. Plaintiff stated that he had not seen any changed paperwork, but he concludes that the only explanation for his remaining in AdSeg was that somebody had changed all the paperwork so that some unknown prisoner was released instead.

Plaintiff accuses Ms. Jackson, whom he identifies as the executive secretary for the TDCJ "processing system," of deleting from TDCJ records his designation as a mentally retarded person upon plaintiff's most recent intake into TDCJ, which occurred in 1991.

2

Plaintiff stated at the <u>Spears</u> hearing that he had been designated as mentally retarded during an earlier confinement in TDCJ. He is concerned about this change in designation of mental ability for several reasons. First, plaintiff believes that the deletion of his status as mentally retarded will carry future implications for welfare benefits in two ways. He worries that the government may file charges for welfare fraud against his mother now that his TDCJ record no longer reflects mental retardation. Also, plaintiff states that before his last reentry into TDCJ, he was receiving welfare benefits, and he fears that he will no longer be eligible for benefits upon his release from prison. In addition, plaintiff claims that the failure to designate him as mentally retarded prevented him from participating in special education classes. He stated that each time he attempted to attend a vocational class during his current incarceration, the teacher told him that he belonged in another class. Based on his prior experience in TDCJ, plaintiff believes that he would have been allowed to participate in vocational classes if the computer had reflected that he was mentally retarded.[2] Plaintiff acknowledged that prisoners assigned to AdSeg are not allowed to take vocational classes and that he has been in AdSeg since 1996.[3] Plaintiff is

---

[2] Plaintiff stated that during an earlier stay at TDCJ, when he was classified as mentally retarded, he was allowed to participate in special education classes.

[3] The denial(s) of participation in special education classes therefore occurred during or before 1996.

3

also concerned that he has been refused parole because his record does not reflect his mental retardation, but he offers no factual support for his concern.

Plaintiff also alleges that his medical records were "falsified." Specifically, he alleges that an incorrect charge of $3.00 was made against his account. This incorrect or "false" charge arose, plaintiff explained, at one of the three times he was denied transfer from AdSeg to general population. He claims that an unknown inmate, who was allegedly substituted in plaintiff's place and thus prevented plaintiff from being released from AdSeg, complained about cold temperature; as a result, a $3.00 medical charge was placed on plaintiff's account.

While not mentioned in his complaint, a back injury and the later discontinuation of his prescription were addressed by plaintiff at the <u>Spears</u> hearing. Plaintiff stated that the prescription for back pain was cut off in 1998. According to plaintiff, this was a result of retaliation for his filing grievances. While at the McConnell Unit, plaintiff claims he overheard a statement by an unnamed TDCJ officer during his last lay-in that personnel had permission to use whatever force was necessary if plaintiff caused any trouble by filing grievances. Plaintiff did acknowledge at the hearing that he was under the care of a medical care provider and received a prescription for his back condition while he was at the McConnell Unit.

4

Plaintiff seeks money damages and protection against the conspiracy that he claims continues to threaten him at the Hughes Unit.

## II. APPLICABLE LAW

### A. Screening for frivolity

A prisoner's complaint, regardless of whether he prepays the entire filing fee or proceeds *in forma pauperis*, is subject to screening under 28 U.S.C. § 1915A. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579 (5th Cir. 1998); <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam). Under §1915A, the Court shall review the complaint and dismiss any portion it finds to be frivolous, malicious, or which fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." <u>Neitzke</u>, 490 U.S. at 325, 109 S. Ct. at 1831-32. District judges have the authority "to dismiss a claim based on an indisputably meritless legal theory." <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. at 1833. The Fifth Circuit has interpreted the Supreme Court's ruling as permitting a two pronged test: a prisoner's claims may be dismissed *sua sponte* when (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 116 n.9 (5th Cir. 1993); <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 438 (5th Cir. 1989). A pleading fails to state a claim upon which

5

relief may be granted when the claimant can prove no set of facts entitling him to relief. <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).

**B.   Conspiracy**

Plaintiff claims a conspiracy between defendants N. Jackson and Glover, along with Captain Price (not named as a defendant herein), to kill him. Plaintiff alleges that these defendants are motivated by the desire to prevent plaintiff from pursuing the instant lawsuit and to prevent his release from AdSeg.

To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States. <u>Hilliard v. Ferguson</u>, 30 F.3d 649 (5th Cir. 1994). Where all of the defendants are members of the same collective entity, however, the conspiracy does not involve two or more people. <u>Hilliard</u>, 30 F.3d at 653; <u>see also</u> <u>Moody v. Jefferson Parish Sch. Bd.</u>, 803 F.Supp. 1158, 1166 (E.D.La.1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), <u>aff'd</u>, 2 F.3d 604 (5th Cir.1993); <u>Hankins v. Dallas Indep. Sch. Dist.</u>, 698 F.Supp. 1323, 1330 (N.D.Tex.1988) (high

6

school and its officials constitute a single entity); <u>Chambliss v. Foote</u>, 421 F.Supp. 12, 15 (E.D.La.1976) ("the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), <u>aff'd</u>, 562 F.2d 1015 (5th Cir.1977), <u>cert. denied</u>, 439 U.S. 839 (1978).

Plaintiff produces no facts, other than his personal belief, that there is a conspiracy. The plaintiff must offer facts, and not merely personal speculation. <u>See</u> <u>Hilliard</u>, 30 F.3d at 653. Plaintiff's allegations of an agreement to kill him are not merely speculative--they are downright fanciful. Moreover, all of the defendants are members of the same collective entity. Plaintiff's conspiracy claims are dismissed as frivolous.

C. **Retaliation**

Plaintiff's claim that defendants N. Jackson and Glover, among other individuals, have agreed to kill him in order to prevent his pursuit of this case and to prevent his release from AdSeg may also be construed as a retaliation claim.

To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred. <u>Woods v. Smith</u>, 60 F.3d 1161, 1164 (5th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 800 (1996). Further, to support a claim of retaliation, the inmate must produce direct evidence of motivation or "allege a chronology of events

7

from which retaliation may be plausibly inferred." <u>Woods</u>, 60 F.3d at 1166.

Any claim plaintiff intends to state for retaliation against defendants is also frivolous and fanciful. He offers no facts to suggest that these officers, or any others, knew of his lawsuits or grievances, were motivated to retaliate, or took any action as a result of plaintiff's exercise of his rights. Plaintiff's retaliation claim, to the extent that one is intended, is dismissed as frivolous.

D.  **Continued subjection to administrative segregation**

Plaintiff testified at the <u>Spears</u> hearing that the only way he could have been denied release from AdSeg on the dates[4] shown on administrative paperwork was if somebody had changed that paperwork so that another inmate could be transferred out of AdSeg instead of plaintiff.

However, plaintiff has not alleged a constitutional violation when he complains that he was not released from AdSeg: "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim." <u>Pichardo v. Kinker</u>, 73 F.3d 612, 612-13 (5th Cir. 1996).

---

[4]Plaintiff stated that he had been given his release papers on three separate occasions but was then not put into the general population on the date shown on those papers. Defendant Glover is said to have stopped plaintiff's release twice by "falsifying" paperwork, while defendant Jackson is responsible for the third instance.

8

Moreover, plaintiff offered no factual basis at the <u>Spears</u> hearing for his bald conclusion that paperwork was "falsified." This claim is dismissed as frivolous.

**E. Due process**

Plaintiff's complaint concerning repeated refusals to release him from AdSeg could also be construed as a claim for denial of due process. However, plaintiff has no due process interest in his classification or custodial status. <u>Meachum v. Fano</u>, 427 U.S. 215 (1976); <u>see also</u> <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995)("[A]n inmate's disagreement with a classification is insufficient to establish a constitutional violation."). <u>See also</u> <u>Luken v.Scott</u>, 71 F.2d 192, 193 (5th Cir. 1995) ("administrative segregation does not constitute a deprivation of a constitutionally cognizable liberty interest"), <u>cert. denied</u>, 517 U.S. 1196, 116 S.Ct. 1960 (1996).

Accordingly, plaintiff's due process claim, to the extent that any such claim is intended, against defendants N. Jackson and Glover is dismissed for failure to state a claim upon which relief can be granted.

**F. Incorrect classification regarding mental ability**

Nor has Plaintiff alleged a constitutional violation when he challenges the absence of a designation as mentally retarded; plaintiff appears primarily concerned with the future impact this designation may have on future welfare benefit determinations regarding his mother and himself. This fails to state a

9

constitutional violation for purposes of § 1983. At worst, this absence of a mentally retarded designation has affected his treatment in prison only to the extent that it may have prevented him from participating in vocational classes. Because any instances of exclusion from special education classes took place in 1996 or before,[5] any claim addressing the interference of this classification with plaintiff's ability to take special education classes is clearly barred by the statute of limitations.[6]

G. **Deprivation of personal property**

Although Plaintiff complains of "fals [sic] medical frauds" (D.E. 1 at 4) made against his account, the gist of his claim is that an erroneous charge for medical services was made to his inmate trust account. Plaintiff testified at the Spears hearing that this $3.00 charge was incurred by another inmate who was at some point transferred out of AdSeg in plaintiff's place. At the hearing, plaintiff offered no basis to believe that any named defendant had any connection with this error. Even were a connection to be demonstrated, this charge to plaintiff's account constitutes only the deprivation of personal property.

---

[5] Plaintiff stated at the evidentiary hearing that AdSeg prisoners are not allowed to participate in vocational classes and that he has been in AdSeg since 1996.

[6] The statute of limitations applied to a civil rights action under § 1983 is borrowed from the statute of limitations governing personal injury actions in the forum state. See Owens v. Okure, 488 U.S. 235, 236 (1989); Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989); Hardin v. Straub, 490 U.S. 536 (1989). Texas' statute of limitations governing personal injury actions is two years. Tex. Civ. Prac. & Rem. § 16.003.

10

Even the intentional destruction of an inmate's property does not raise a constitutional claim if, as in Texas, an adequate postdeprivation remedy exists. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."); <u>Simmons v. Poppell</u>, 837 F.2d 1243, 1244 (5th Cir. 1988); <u>Marshall v. Norwood</u>, 741 F.2d 761 (5th Cir. 1984).

Plaintiff fails to state a constitutional violation regarding the medical charge to his inmate account, and this claim is dismissed as frivolous.

H. **Deliberate indifference to serious medical needs**

Plaintiff's discussion at the <u>Spears</u> hearing about the discontinuation of his back pain prescription could be construed as an attempt to claim deliberate indifference to serious medical needs.

Prison officials are liable for failure to provide medical treatment if they are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285 (1976). Deliberate indifference may be shown when prison officials have denied an inmate recommended treatment or have denied him access to medical personnel capable of evaluating the need for treatment. <u>West v. Keve</u>, 571 F.2d 158 (3d Cir. 1978); <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754 (3d Cir.

11

1979); Ramos v. Laxum, 639 F.2d 559 (10th Cir. 1980), cert. denied, 101 S. Ct. 1759 (1981). A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994).

Plaintiff acknowledges that he saw at least one healthcare provider at the McConnell Unit and was given a prescription for his back pain. Evidence of efforts by prison staff to attend to the medical need will negate a finding of deliberate indifference. Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Plaintiff's allegation that his back pain medication was discontinued amounts to no more than a disagreement with the level and type of treatment, which is not actionable under the Eighth Amendment. Norton v. Diamazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985); Young v. Gray, 560 F.2d 201 (5th Cir. 1977).

For these reasons, plaintiff has failed to show that any defendant acted with deliberate indifference to his medical needs. Plaintiff's deliberate indifference claim, to the extent that such a claim is intended, is dismissed as frivolous.

## III.   CONCLUSION

For the foregoing reasons, the following claims are dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1):  (1) plaintiff's claims against defendants N. Jackson and Glover (first name unknown) for conspiracy, as well as any possible claim against these defendants for retaliation arising out of the same facts; (2) plaintiff's claims against defendants N. Jackson and Glover (first name unknown) for continued subjection to Administrative Segregation, as well as any possible claim for violation of due process arising out of the same facts; (3) plaintiff's claim against defendant Ms. Jackson (first name unknown) for omitting his mentally retarded status from the TDCJ computer files; (4) plaintiff's claim against any defendant herein for deprivation of personal property; and (5) plaintiff's claim for deliberate indifference to serious medical needs arising from treatment of his back condition while at McConnell.

ORDERED this __30__ day of ___August___, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

13