United States District Court
Southern District of Texas
FILED

SEP 1 8 2001

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DARRELL WAYNE Johnson
       Plaintiff,

V.

NORRIS D. Jackson, ET AL.,
       Defendants.

§
§
§
§
§
§
§
§
§

Civil Action No. C-00-CV-111
JURY

APPELLANT JOHNSON MOTION TO A
DIRECTED VERDICT AND NEW TRIAL


ATTACHMENT A    AT LAW


ATTACHMENT A


1

65.

1. The overall revision of Title 42, U.S.C., Rule 71B as hereinafter set in its present form releaves the burden on the claimant which challenges a particular government policy to re-establish what has been change by a predecessor to show respect to the successor and let it rest there.

2. I think we should allow a very KNOWN and established policy to "take effect" and too "all laws in conflict with such rules" without a constitutional limitation.

3. "As declared by the seventh Amendment to the constitution."''

4. Where as is amended by making the order of a judge granting in the sum of Eight hundred Thousand dollars and cost and of a judge granting a motion for a directed verdict effective without submitting the question to the jury at all.

5. I hereby present Texas Government Code 552.028, 500.001 in request of my life past history ...

2

Complaint for Goods Sold and Delivered

1. Allegation of Plaintiffs.

2. Defendant on or about JUNE 4, 11, 18, 25, THRU July 2, 9, 16, 23, 30, AND THRU August 2001, Did issue plaintiff use indigent peNS Worth dollars for goods sold and Delivered to plaintiff between June 4 THRU August 2001, Did cause unreasonable interference With plaintiff outgoing legal correspondence, particularly when it limits plaintiff's Access to courts ...

Which plaintiff filed A complaint concerning unreasonable interference about July 21, 2001. With trust fund statement and STEP 2 I-128 And certificate of service ATTACHed And Approved by LAW LIBRARYN MR. DAVID, WREN COIV As witness to that complaint, Which he Last AND previously Assist. Me With (254) 865-6964. Grievance #:2001187912, Grievance code: 815.

Wherefore plaintiff demands judgment against C. D. in the sum of <u>onehundred Thousand</u> dollars and cost.

3. AS A result plaintiff was accused of OFFENSE CODES: 04.0, 20.0, 23.0 AND Cruel and unusual punishment were add, Which prevented plaintiff from transacting his business, suffered great pain of hurgy and mind and incurred in expenses for supplement lost and Law Suit in the sum of $34.7 billion dollars.

4. Wherefore plaintiff demands judgment against C. D. in the sum of onehundred-Thousand dollars and cost.

3

Appellant seek <u>monetary</u> relief to <u>suit</u>, to resolve this matter.

Respectfully Sub-mitted,

*Darrell Wayne Johnson*

Appellant, pro se

Mr. Darrell W. Johnson
#582436. A-H unit
RR 2. Box 4400
Gatesville, Tx
76597.

<u>C E R T I F I C A T E   O F   S E R V I C E</u>

I, <u>D. W. Johnson</u>, Appellant, pro se, do hereby cer-tify that a true and correct copy of the above and foregoing first Motion for Judg-ement which had been entered in fav-or of <u>Darrell Wayne Johnson</u>, while on th-e mcconnell unit AD seg, brought by <u>1-90</u> <u>Page 2</u> March 99, barred under doctrine of res judica-ta subsequent feder-al civil rights action to extent App-ellant <u>D. W. Johnson</u> sought to assert equal Justice and due process claims arising from Alleged deprivation of rights, has forwarded by united states indigent mail, postage prepaid, first class, to the Att-orney for the State, <u>Disposition</u>, on this the <u>17</u> day of <u>SEP.</u>, <u>2001</u>.

*Darrell W. Johnson*
Appellant, Pro se

4

# ORDERS OF PROTECTION

Subsequent to certification that movant has
in good faith conferred or attempted to confer
with other affected parties to resolve dispute
without court action. CIV.R.26 (c).

CSADPDF - www.fastio.com